# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRELL D. HALL,

                    Petitioner,

v.                                                          Case No. 24-CV-1272-JPS

UNITED STATES OF AMERICA,

                                                            **ORDER**

                    Respondent.

## 1.      BACKGROUND

Petitioner Terrell D. Hall ("Petitioner") moves pursuant to 28 U.S.C. § 2255 to vacate, modify, or correct his sentence. ECF No. 1. In the underlying federal criminal case, Petitioner pleaded guilty to a drug offense, a count of possessing a firearm in furtherance of this drug offense, and—as relevant to his § 2255 motion—unlawful possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count One in the Indictment). *United States v. Terrell D. Hall*, 15-CR-86-JPS (E.D. Wis.), ECF Nos. 17, 47.[1] He was sentenced on September 13, 2016 to ninety-six months of imprisonment: thirty-six months for Count One; thirty-six months for the drug offense, concurrent to Count One; and sixty months for the other firearm offense, consecutive to his terms of imprisonment for the aforementioned offenses. CR-ECF No. 47 at 2.

---

[1]Docket references to the underlying criminal case will be cited hereinafter as CR-ECF.

Petitioner's § 2255 motion seeks to vacate his conviction on Count One[2] on the basis that § 922(g)(1) is inconsistent with the Second Amendment. ECF No. 1 at 1. He relies on the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Incorporated v. Bruen*, 597 U.S. 1 (2022) (hereinafter "*Bruen*"). *Id.* In the balance of this Order, the Court screens the motion. For the reasons stated below, the motion is untimely and must be dismissed.

## 2.    SCREENING

At the screening stage,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, but not any of his legal conclusions. *See Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976)).

Upon Rule 4 review, the Court ordinarily analyzes preliminary procedural obstacles, such as whether the petitioner has complied with the statute of limitations, avoided procedural default, and set forth cognizable and non-frivolous claims. If those issues do not preclude a merits review of the claims, the Court directs the Government to respond to the motion.

---

[2]Petitioner says that he seeks to "vacate his sentence," ECF No. 1 at 1, but raises only arguments related to Count One. The Court therefore construes the § 2255 motion as challenging only his conviction on Count One (and not his convictions or sentences for the other two offenses to which he pled guilty).

### 2.1    Timeliness

With respect to timeliness, § 2255(f) provides a one-year limitations period in which to file a motion. As pertinent here, this limitations period "run[s] from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).[3]

The United States Supreme Court handed down its decision in *Bruen* on June 23, 2022, making a § 2255 motion premised on that case due on June 23, 2023. Petitioner filed the instant § 2255 motion in October 2024, making it over a year late under § 2255(f)(3). Petitioner's motion is accordingly untimely even assuming (1) that *Bruen* applies to § 922(g)(1) and (2) that it has retroactive effect and therefore "can be litigated through a § 2255 motion," both of which are "very much . . . open question[s]." *Fields v. United States*, No. 24-CV-248-JPS, 2024 WL 1138268, at *2 n.5 (E.D. Wis. Mar.

---

[3]Otherwise, a § 2255 motion must be filed within one year of the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). "If a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires." *Juarez v. United States*, No. 18-3309, 2022 WL 799066, at *2 (C.D. Ill. Mar. 15, 2022) (citing *United States v. Clay*, 537 U.S. 522, 524–25 (2003)). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed; or . . . the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A).

Petitioner's judgment of conviction became final long ago: the Court sentenced him and entered judgment on September 13, 2016. CR-ECF Nos. 46, 47. He had until September 27, 2016 to appeal and did not do so, therefore his judgment of conviction became final on September 27, 2016. But this is of no consequence, because the Court must calculate the timeliness of Petitioner's § 2255 motion "from the *latest* of" the date of the judgment becoming final or the date that the United States Supreme Court recognized the asserted right and purportedly made it retroactively applicable. 28 U.S.C. § 2255(f) (emphasis added).

15, 2024) (citing *Patton v. United States*, No. 1:23-CV-01238-JPH-MG, 2024 WL 68678, at *1 n.2 (S.D. Ind. Jan. 4, 2024)). "*Bruen* was not about the constitutionality of § 922(g); its impact on the statute was—and is— unclear." *Id.* at *4 (citing *United States v. Watson*, No. 23-CR-109, 2023 WL 6623774, at *4–6 (E.D. Wis. Oct. 11, 2023)).

Significantly, the United States Supreme Court recently granted certiorari in a case squarely presenting the question of § 922(g)(1)'s constitutionality after *Bruen*. *Range v. Att'y Gen. U.S.*, 69 F.4th 96 (3d Cir. 2023), *cert. granted, judgment vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024). But it granted certiorari only to vacate the judgment and "remand[] [the case] to the United States Court of Appeals for the Third Circuit for further consideration in light of" *United States v. Rahimi*, 602 U.S. __, 144 S. Ct. 1889 (2024). *Garland v. Range*, 144 S. Ct. at 2707. The *Rahimi* court found that another section of § 922 was consistent with the Second Amendment, at least as applied to the defendant in the case. 144 S. Ct. at 1896–97. In other words, the Supreme Court has not found that *Bruen* renders § 922(g)(1) unconstitutional, and in fact has vacated an appellate court decision that reached such a conclusion in light of its conclusion in *Rahimi* that another provision of § 922 is constitutional.

The other authorities besides *Bruen* that Petitioner cites as rendering § 922(g)(1) inconsistent with the Second Amendment, and ostensibly requiring that his conviction on Count One be vacated, do not make his motion timely. "[O]nly rights asserted by the *Supreme Court* can extend the statute of limitations for filing a § 2255 petition." *Ward v. United States*, No. 3:23-CV-04021-NJR, 2024 WL 197457, at *2 (S.D. Ill. Jan. 18, 2024) (emphasis added) (citing *Patton*, 2024 WL 68678, at *1–2 n.2). Petitioner cites to *Range*, 69 F.4th 96, *United States v. Prince*, 700 F. Supp. 3d 663 (N.D. Ill. 2023), and

*United States v. Harper*, 689 F. Supp. 3d 16 (M.D. Pa. 2023), ECF No. 1 at 1–3, but none of these are decisions of the United States Supreme Court, and they therefore cannot extend the statute of limitations for filing a § 2255 motion. Additionally, for the reasons discussed above, the Supreme Court's disposition of the *Range* certiorari petition further undermines the legal relevance of these decisions.

Petitioner also cites *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. Chicago*, 561 U.S. 742 (2010), as supporting his position. ECF No. 1 at 1–3. While these are United States Supreme Court decisions, they are also irrelevant to the § 2255 timeliness analysis for several reasons. First, neither was about § 922(g)(1). *See generally Heller*, 554 U.S. 570 and *McDonald*, 561 U.S. 742. Additionally, these cases have less importance to Second Amendment analysis since *Bruen*—which also did not discuss § 922(g)(1) at all, *Fields*, 2024 WL 1138268, at *4—replaced the *Heller/McDonald* "'means-end' analysis" with a history and tradition-based test for determining whether a statute or regulation is consistent with the Second Amendment. *United States v. Davis*, No. 22-CR-210-JPS, 2024 WL 490581, at *4 (E.D. Wis. Feb. 8, 2024). Moreover, *Heller* and *McDonald* are even older than *Bruen*, so any § 2255 motion based on these cases would also be untimely for the same reason that Petitioner's *Bruen*-based motion is untimely. 28 U.S.C. § 2255(f)(3).

There is no other statutory basis to find Petitioner's motion timely. "[W]hile § 2255(f)(4) does allow the one-year statute of limitations to run from 'the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence[,]' that section 'is not triggered when a petitioner discovers or understands a new legal decision or theory.'" *Ward*, 2024 WL 197457, at *2 (quoting *United*

*States v. Hayes*, No. 19 C 50104, 2020 WL 2112367, at \*2 (N.D. Ill. May 4, 2020) and citing *Lo v. Endicott*, 506 F.3d 572, 575–76 (7th Cir. 2007)); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows . . . the important facts, not when the prisoner recognizes their legal significance."). Here, Petitioner relies entirely on a "new legal decision or theory," *Ward*, 2024 WL 197457, at \*2, as his proposed basis for relief; § 2255(f)(4) therefore does not apply.

Likewise, it is unlikely that either of the two exceptions to the statute of limitations would apply to excuse the untimeliness of Petitioner's § 2255 motion. One exception is known as the "actual innocence gateway." *Lund v. United States*, 913 F.3d 665, 667 (7th Cir. 2019). A late § 2255 motion can be considered if the petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). The petitioner must show that, in light of the new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Gladney,* 799 F.3d at 896 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006) and citing *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013)). "The actual innocence gateway is narrow," *id.* at 896, and "claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 524.

Petitioner does not assert that he is actually innocent of the conduct to which he pleaded guilty. As just noted, he argues that his conviction for Count One should be vacated for *legal*, not factual, reasons. In any event, the Seventh Circuit has stressed that it is "'doubtful' that a petitioner's actual innocence claim and claim for relief on the merits can be the same."

*Lund*, 913 F.3d at 668 (quoting *Perrone v. United States*, 889 F.3d 898, 903 (7th Cir. 2018)).

The other exception to the statute of limitations is known as "equitable tolling" and is "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014) (quoting *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004)). To be entitled to equitable tolling, a petitioner bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 683–84 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

This exception would also most likely not apply. Petitioner does not give any indication that he can, or intends to, invoke this exception; he points to no circumstance beyond his control that prevented him from filing his § 2255 motion on or before June 23, 2023, a year after *Bruen* was issued.

For all these reasons, the Court concludes that § 2255 the motion is untimely and that the two exceptions to the statute of limitations are unlikely to apply in this case. Even if either of those exceptions applied, Petitioner's motion would still not pass screening because the single ground for relief asserted therein is without legal merit.

### 2.2    Non-Cognizable or Frivolous Claim

To survive screening, a ground for relief must be cognizable and non-frivolous. That is, Petitioner must show that there is some colorable basis in the law for finding that his "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[T]he district court can dismiss a petition that raises a legal theory that is indisputably without merit . . . ." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir.

1993) (citing *Blackledge v. Allison*, 431 U.S. 63, 76 (1977)). The Court finds that Petitioner's *Bruen* argument —the only basis for relief that he invokes in his § 2255 motion—indisputably lacks merit because, at this time, neither the Supreme Court of the United States nor the Seventh Circuit has held § 922(g)(1) unconstitutional.[4] There exists no binding authority that would permit this Court to find that Petitioner's § 922(g)(1) conviction was in violation of the Constitution. Accordingly, Petitioner's asserted ground for relief is not cognizable and/or is frivolous under existing law and cannot proceed past screening.

### 3.      CONCLUSION

For all these reasons, the Court finds that Petitioner's § 2255 motion is untimely. The Court will accordingly deny the motion and dismiss this case. The denial will operate without prejudice in light of the Supreme Court having granted certiorari in *Range* but not reaching the question of whether § 922(g)(1) is consistent with the Second Amendment. If the Supreme Court later squarely finds that § 922(g)(1) is inconsistent with the Second Amendment *and* makes that holding retroactively applicable to cases on collateral review, Petitioner may be able to raise this argument in a new § 2255 motion. But for now, there is no basis for the Court to entertain Petitioner's § 2255 motion.

---

[4]Additionally, nearly every district judge in the Seventh Circuit who has considered the issue has concluded that § 922(g)(1) is consistent with the Second Amendment. *See Davis*, 2024 WL 490581, at \*7 (surveying Eastern District of Wisconsin decisions as of February 2024); *see also United States v. Nichols*, No. 20-CR-10067-JES, 2024 WL 890477, at \*4–5 & n.6 (C.D. Ill. Feb. 29, 2024) (noting that the majority of district courts to consider the issue have, with limited exceptions, "concluded that § 922(g)(1) is constitutional on its face").

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right." "A petitioner makes a 'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008)). The Court doubts that any reasonable jurist would find Petitioner's § 2255 motion timely in the above-described circumstances. Nor would a reasonable jurist dispute that the motion lacks legal merit. The Court will, therefore, deny Petitioner a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner Terrell D. Hall's motion pursuant to 28 U.S.C. § 2255 to vacate, modify, or correct his sentence, ECF No. 1, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of October, 2024.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.